UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

ANTONIO F. CARSON,

           Plaintiff,           Case No. 2:07-cv-29

v.                                          Honorable Gordon J. Quist

SANDRA MONROE, et al.,

           Defendants.

_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On April 10, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On May 25, 2007, Defendants Cathy Bauman, Dennis Girth, Thomas Salo, Denver McBerney, Unknown Nowaki, Sandra Monroe, Mandi Salmi, Ruby Cheatham, Charles Scott filed a motion to dismiss (docket #17) on the ground that Plaintiff failed to exhaust his available administrative remedies. In addition, on August 7, 2007, Defendant Unknown Abdellatif filed a motion to dismiss for failure to exhaust administrative remedies. Plaintiff filed a response (docket #49) on November 1, 2007. Upon review, I recommend that Defendants' motions to dismiss be denied.

**Applicable Standard**

        A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged

in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

**Facts**

Plaintiff is presently incarcerated at the Marquette Branch Prison (MBP). In his *pro se* complaint, he sues Defendants Sandra Monroe, R.N., Dr. Richard Miller, Mary K. Hite, R.N., Mandi Salmi, R.N., Nancy Blackford, R.N., Ruby Cheatham, R.N., Charles Scott, R.N., Karen Scheaffer, R.N., Dr. Unknown Abdellatif, Resident Unit Manager Cathy Bauman, Resident Unit Manager Tim Bott, Assistant Resident Unit Supervisor Dennis Girth, Assistant Resident Unit Supervisor Thomas Salo, Resident Unit Manager Denver McBerney, and Sergeant Unknown

Nowaki. Plaintiff is asserting that Defendants violated his Eighth Amendment rights by interfering with his medical treatment. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

## Discussion

Defendants Cathy Bauman, Dennis Girth, Thomas Salo, Denver McBerney, Unknown Nowaki, Sandra Monroe, Mandi Salmi, Ruby Cheatham, Charles Scott and Unknown Abdellatif claim that they are entitled to dismissal because Plaintiff failed to exhaust his available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this

---

[1] The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

3

complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

      If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

4

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In their motions, Defendants Cathy Bauman, Dennis Girth, Thomas Salo, Denver McBerney, Unknown Nowaki, Sandra Monroe, Mandi Salmi, Ruby Cheatham, Charles Scott and Unknown Abdellatif claim that Plaintiff failed to exhaust his administrative remedies against them. However, these Defendants rely solely on the attachments to Plaintiff's complaint. Plaintiff has responded by stating that has exhausted his remedies. Plaintiff attaches copies of numerous grievances and responses to his brief. As noted above, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed. The fact that Plaintiff attaches grievances to his complaint or to other pleadings that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient.

Moreover, where Defendants claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise

5

procedurally defective administrative grievance.  Accordingly, because Defendants Cathy Bauman, Dennis Girth, Thomas Salo, Denver McBerney, Unknown Nowaki, Sandra Monroe, Mandi Salmi, Ruby Cheatham, Charles Scott and Unknown Abdellatif have not met their burden by attaching documentation supporting their assertion that Plaintiff did not exhaust his claims against them, their motions to dismiss for failure to exhaust administrative remedies (docket #17 and #27) should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that Defendants' motions to dismiss (docket #17 and #27) be denied.


    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 19, 2008


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).