UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTONIO F. CARSON,

        Plaintiff,

v.                                                   Case No. 2:07-CV-29

SANDRA MONROE, et al.,                  HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Objections filed by all Defendants except Defendant Dr. Abdellatif and Dr. Abdellatif's separate Objections to the report and recommendation dated February 19, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court deny Defendants' motions to dismiss for failure to exhaust administrative remedies because Defendants failed to properly support their motions with documentation showing that Plaintiff failed to exhaust his remedies. In particular, the magistrate judge noted that pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007), exhaustion is no longer a pleading requirement, but instead is an affirmative defense upon which Defendants have the burden of proof. Thus, the magistrate judge concluded, a defendant may no longer rely solely upon the attachments to a plaintiff's complaint to show lack of exhaustion. He therefore recommended that the motions to dismiss be denied.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

Defendants first contend that the magistrate judge incorrectly determined that a defendant has the burden of proving that a plaintiff failed to exhaust his administrative remedies. Defendants contend that *Jones* only holds that a defendant has the burden of raising the defense of failure to exhaust, but that it does not place the burden on defendants of proving that the plaintiff failed to exhaust his administrative remedies. Defendants fail to cite any language in *Jones* that suggests that the burden of proof is upon the plaintiff, rather than the defendant, to prove lack of exhaustion. Although the Sixth Circuit has not addressed the issue thus far, other circuits have concluded that a defendant has the burden of *raising and proving* the affirmative defense of failure to exhaust administrative remedies. *See Obriecht v. Raemisch*, __ F.3d __, 2008 WL 465845, at *2 (7th Cir. Feb. 22, 2008) ("Failure to exhaust administrative remedies is an affirmative defense, and consequently, the burden of proof is on the prison officials."); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (stating that "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant"); *Foster v. Morris*, 208 F. App'x 174, 178 (3d Cir. 2006) ("Failure to exhaust administrative remedies is an affirmative defense, and the burden of pleading and proving non-exhaustion rests with the defendants."). The Court finds no reason to believe that the Sixth Circuit would reach a different conclusion.

Contrary to Defendants' suggestion, the magistrate judge did not impose a heightened burden of proof on Defendants. Rather, he merely recognized that Defendants now have the burden of affirmatively showing that the plaintiff failed to exhaust his grievances, which means that Defendants generally may not rely upon documents attached to the plaintiff's complaint to prove lack of exhaustion. For example, Defendants could have filed a motion for summary judgment and presented an affidavit from the grievance administrator setting forth the record of Plaintiff's grievance filings pertaining to each claim to show lack of exhaustion, but they failed to do so.

2

Defendants also assert that the magistrate judge should have treated the motions as motions for summary judgment because Defendants were relying upon documents attached to Plaintiff's complaint. However, the Court finds no error in not converting the motions to dismiss to motions for summary judgment, especially where Defendants presented no supporting materials of their own. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 19, 2008 (docket no. 56) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss for Failure to Exhaust Administrative Remedies (docket nos. 17, 27) are **DENIED**.


Dated: March 26, 2008                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE