UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONIO F. CARSON,

        Plaintiff,                      Case No. 2:07-cv-29

v.                                         Honorable Gordon J. Quist

SANDRA MONROE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Antonio F. Carson, an inmate currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, Defendants include Sandra Monroe, R.N., Dr. Richard Miller, Mary K. Hite, R.N., Mandi Salmi, R.N., Nancy Blackford, R.N., Ruby Cheatham, R.N., Charles Scott, R.N., Karen Scheaffer, R.N., Dr. Unknown Abdellatif, Resident Unit Manager Cathy Bauman, Resident Unit Manager Tim Bott, Assistant Resident Unit Supervisor Dennis Girth, Assistant Resident Unit Supervisor Thomas Salo, Resident Unit Manager Denver McBerney, and Sergeant Unknown Nowaki. Plaintiff is asserting that Defendants violated his Eighth Amendment rights by interfering with his medical treatment. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

Presently before the Court are motions for summary judgment, pursuant to Fed. R. Civ. P. 56, filed by Defendants Schaeffer, Hite, Blackford and Abdellatif (docket #82, #85 and #101). Plaintiff has filed responses (docket #94 and #111) and the matter is ready for decision.

Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In her motion for summary judgment, Defendant Scheaffer asserts that she is entitled to summary judgment for failure to exhaust administrative remedies. A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead

and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532

U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R,

---

[1] The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ U.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III.  *Id.* at ¶S.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I.  *Id.*

Defendant Scheaffer states that Plaintiff has not filed any grievances against her.  In support of this assertion, Defendant offers the affidavit of James Armstrong, Manager of the Grievance and Appeals Section of the MDOC, as well as copies of grievances filed by Plaintiff during the pertinent time period.  (*See* Defendant Schaeffer's Exhibit 2.)  Plaintiff has failed to respond to Defendant Schaeffer's motion for summary judgment.  Therefore, the undersigned recommends that the court grant summary judgment to Defendant Scheaffer for failure to exhaust administrative remedies.

Defendant Abdellatif claims that he is entitled to summary judgment for failure to exhaust administrative remedies.  In support of his claim, Defendant Abdellatif offers the affidavit

of James Armstrong, Manager of the Grievance and Appeals Section of the MDOC. In his affidavit, James Armstrong attests that he searched the records for step III grievances that Plaintiff may have filed against Defendant Abdellatif. Armstrong attests that a review of the database indicates that Plaintiff has never filed any grievances through step III regarding Defendant Abdellatif. (*See* Armstrong affidavit, Defendant Abdellatif's Exhibit G.) Plaintiff has failed to offer any evidence opposing this finding. Therefore, the undersigned recommends that Defendant Abdellatif be granted summary judgment for failure to exhaust administrative remedies.

In their motion for summary judgment, Defendants Hite and Blackford contend that they are entitled to summary judgment on Plaintiff's American with Disabilities Act (ADA) claims. Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Therefore, to state a claim under the ADA, Plaintiff must show that he is a "qualified person," that he has a "disability," and that he is being denied a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as, with respect to an individual: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Defendants Hite and Blackford claim that they are not proper defendants under the ADA for claims against them in their individual capacities. The undersigned notes that Title II of the ADA applies to "services, programs, or activities of a public entity." 42 U.S.C. § 12132. Because individuals such as Hite and Blackford are not public entities providing programs or activities to which the ADA applies, they cannot be liable in their personal capacities under the Act.

*See Reickenbacker*, 274 F.3d at 975 n.9 (noting that plaintiffs withdrew their individual claims in the face of a statutory argument); *Key v. Grayson*, 163 F. Supp.2d 697, 715 (E.D. Mich. 2001) (following great weight of authority holding that individuals cannot be liable under Title II of the ADA); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp.2d 543, 557 (D. N.J. 2000) (collecting decisions of the Eighth Circuit and various district courts holding that individuals cannot be liable under the ADA or RA). Accordingly, the undersigned recommends Defendants Hite and Blackford be grant summary judgment on Plaintiff's ADA claim for damages in their individual capacities.

With regard to Plaintiff's claim for damages in their official capacities, the Sixth Circuit ruled that the Eleventh Amendment bars a civil rights action to the extent that it relied on congressional enforcement of equal protection in non-employment ADA cases, although a due process claim of denial of participation in public services was not barred. *Popovich v. Cuyahoga Court of Common Pleas*, 276 F.3d 808 (6th Cir. 2002) (en banc). The Fifth Circuit also recently held that Congress did not validly abrogate Eleventh Amendment immunity under Title II of the ADA and under the Rehabilitation Act for an action brought by prisoners regarding inadequate mental health services. *See Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001).

However, In *Tennessee v. Lane*, No. 02-1667, 2004 WL 1085482 (U.S. May 17, 2004), the Supreme Court found that the Eleventh Amendment did not bar claims under Title II of the ADA insofar as they were directed to enforcing a right of access to the courts. The Court held that Title II's requirement to accommodate is a reasonable prophylactic measure, reasonably targeted to a legitimate end when applied to protect access to the courts. It therefore held that, insofar as it was applied to an interest as central as access to the courts, Title II of the ADA was a valid exercise

of Congress' enforcement power under the Fourteenth Amendment and properly abrogated the states' Eleventh Amendment immunity. Subsequently, the Fifth Circuit noted:

> The continuing validity of *Reickenbacker* following the Supreme Court's decision in *Tennessee v. Lane,* 541 U.S. 509, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004), is uncertain. At the very least, its holding has been overruled as to Title II claims implicating a person's fundamental right of access to the courts. In addition, after *Lane* we do not look solely at the state level for a history and pattern of unconstitutional action; we also examine discrimination by nonstate government entities. *Lane,* 124 S.Ct. at 1991 n. 16.

*Pace v. Bagolusa City School Board, et al.*, 403 F.3d 272, 277 n. 14 (5th Cir. 2005).

Therefore, it is unclear whether Plaintiff could obtain damages under the ADA against Defendants Hite and Blackford in their official capacities. However, even if Defendants Hite and Blackford could be found liable for such damages, Plaintiff has failed to allege any facts showing that these Defendants violated the statute. As noted above, Plaintiff must show that he is a "qualified person," that he has a "disability," and he is being denied a "service, program, or activity" of the state. In the ADA, the term "disability" is defined as, with respect to an individual: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(2).

In Plaintiff's complaint, he asserts that he suffered an injury to his left knee while getting out of bed on December 25, 2005. Plaintiff claims that he was denied appropriate treatment for his injury by numerous individuals. With regard to Defendant Hite, Plaintiff claims that on January 30, 2006, she terminated his "call out" because of a comment he made to Resident Unit Officer Steve Adams. In Defendant Hite's affidavit, she attests that she asked Plaintiff to leave the exam room after she had examined him because he was making comments of a sexual nature to

Resident Unit Officer Adams. (*See* Defendant Hite's affidavit ¶ 5, Exhibit 2.) In addition, Plaintiff claims that he fell in the shower on February 13, 2006, which caused numbness and tingling in both legs. Plaintiff complained about these symptoms on April 2, 2006. In response, Defendant Hite told Plaintiff that approval had been received for him to have an MRI on his left knee and that a specialty consult had been requested for the knee, but it could not be scheduled until the MRI had been done. (Plaintiff's complaint, p. 11, docket #1.) Moreover, Plaintiff fails to allege that Defendant Blackford took any actions against him. Therefore, because Plaintiff fails allege facts in support of his claim that his injury substantially limited one or more of the major life activities, or that either Defendant Hite or Blackford denied him some service or program on that basis, Defendants Hite and Blackford are properly granted summary judgment on Plaintiff's ADA claims.

Defendants Hite and Blackford also claim that they are entitled to summary judgment on Plaintiff's Eighth Amendment claims. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness

- 9 -

of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No.

- 10 -

95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

As noted above, Plaintiff fails to allege any misconduct by Defendant Blackford. In addition, Plaintiff's allegations against Defendant Hite consist of her terminating a medical call-out because Plaintiff made sexual comments to Resident Unit Officer Adams, and her informing Plaintiff that approval had been received for him to have an MRI on his left knee. In the opinion of the undersigned, such conduct does not rise to the level of an Eighth Amendment violation.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to the Motions for Summary Judgment (docket #82, #85 and #101) filed by Defendants Schaeffer, Hite, Blackford, and Abdellatif. Accordingly, it is recommended that these motions be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
     TIMOTHY P. GREELEY
     UNITED STATES MAGISTRATE JUDGE

Dated: January 22, 2009